THE CHANCELLOR returned the following answer to this affidavit and petition:

> Whatever the original lease or contract was, it appears by this affidavit that it had been rescinded by the parties, or that it had expired and ceased to have any effect, and that the possession under it had ceased by the re-delivery of the land by John Wilkins to Elisha Evans. After that the re-entry of Wilkins was a trespass, for which Evans has a remedy at law. Evans does not pretend that Wilkins holds under him, or that there is any privity between them. Elisha Evans has not shown, nor stated any title. Why or wherefore a lease or written contract was made, or what right Evans had to make it, and the particular terms of it, do not appear. The title of Evans should have been set out particularly as there is a suit against him in relation to this land. See 1 Harr. 181, 192; 4 Burr. 2324, 240; 1 Bro.C.C. 57.

> But THE CHANCELLOR particularly insists that a bill should have first been filed, and especially that the bill of Wilkins against Evans might have been more fully detailed. Ordinarily a bill should be filed. Cases of waste may be exceptions to this rule; but then the necessity of the exception should appear here, for the waste alleged is not said to be very pressing, nor that the injury will be irreparable without the instantaneous interposition of the Court. THE CHANCELLOR does not see enough of the case to satisfy him that the injunction would be proper, especially as the written contract does not accompany the affidavit. This is an office paper and must be left with Mr. Stockley, the Register.

> [Signed.] *Nicholas Ridgely.* 7 Feb. 1821.

## ROBERT SMITH KIRKWOOD v. JOHN MITCHELL, Administrator d. b. n. of JOHN MITCHELL.

Court of Chancery. Sussex. March 10, 1821.

*Ridgely's Notebook III. 263.*